**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LINDA K. KLINE,<br>　　　　　Appellant, | DOCKET NUMBER<br>DA-0752-15-0017-I-1 |
| 　　　v. | |
| DEPARTMENT OF THE AIR FORCE,<br>　　　　　Agency. | DATE: August 5, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Billy Montgomery, Oklahoma City, Oklahoma, for the appellant.

Teresa L. Reed, Esquire, and Michael J. Taber, Esquire, Tinker Air Force Base, Oklahoma, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2          Effective October 3, 2014, the agency removed the appellant from her Sheet Metal Mechanic position at Tinker Air Force Base based on the following charges:  (1) leaving the job without permission on three separate occasions; and (2) failure to comply with tool control procedures.  Initial Appeal File (IAF), Tab 1 at 11-16, Tab 5 at 21.  The appellant appealed her removal to the Board and requested a hearing.  IAF, Tab 1.  She disputed the agency's charges and raised the affirmative defenses of reprisal for protected equal employment opportunity (EEO) activity, sex discrimination, and retaliation for whistleblowing.  *Id.* at 7; IAF, Tab 13; *see* IAF, Tab 5 at 37-45.  After holding the requested hearing, the administrative judge issued an initial decision affirming the removal action.  IAF, Tab 25, Initial Decision (ID) at 1, 17.  Specifically, she sustained two specifications of charge 1 and all of charge 2, found a nexus between the sustained misconduct and the efficiency of the service, and determined that the penalty was within the bounds of reasonableness.  ID at 2-8, 15-17.  She further found that the appellant failed to prove her affirmative defenses.  ID at 8-15.

¶3      The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 4.[2] The appellant has filed a reply to the agency's response.  PFR File, Tab 5.[3]

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The documents submitted on review do not constitute "new" evidence.</u>

¶4      In her petition for review, the appellant submits seven attachments as new evidence.  PFR File, Tab 1 at 11-26.  The Board generally will not consider evidence submitted for the first time on review absent a showing that:  (1) the documents and the information contained in the documents were unavailable before the record closed despite due diligence; and (2) the evidence is of sufficient weight to warrant an outcome different from that of the initial decision. *Cleaton v. Department of Justice*, 122 M.S.P.R. 296, ¶ 7 (2015); 5 C.F.R. § 1201.115(d).  Where, as here, a hearing is held in a Board appeal, the record in the case ordinarily closes at the conclusion of the hearing.  *See Ruffin v. Department of the Treasury*, 89 M.S.P.R. 396, ¶ 6 (2001); 5 C.F.R. § 1201.59(a). Thus, we find that the record closed on January 6, 2015, the date the hearing occurred.  IAF, Tab 24.  For the following reasons, we find that the appellant has

---

[2] We disagree with the agency's position that the appellant's supplement to the petition for review should be excluded as untimely.  PFR File, Tab 4 at 5; *see* PFR File, Tab 2. The appellant states that she realized the petition for review did not contain an original signature as required by 5 C.F.R. § 1201.114(c) and contacted the Office of the Clerk of the Board, which directed her to submit an original signature in a pleading.  PFR File, Tab 5 at 5.  We accept the appellant's supplement as a conforming pleading.  *See Ciccone v. Department of the Air Force*, 37 M.S.P.R. 594, 596 n.3 (1988); *Jones v. Office of Personnel Management*, 37 M.S.P.R. 99, 101 n.* (1988).  We note, however, that we only accept the signature in the conforming pleading and not the additional sentences that do not appear in the petition for review.  *See* 5 C.F.R. § 1201.114(a)-(b); *compare* PFR File, Tab 1 at 10, *with* PFR File, Tab 2 at 4.

[3] We agree with the appellant that her reply to the agency's response is timely based on the time zone from which she submitted her reply.  *See* PFR File, Tab 6; 5 C.F.R. § 1201.14(m).

not shown that the submitted evidence was unavailable despite her due diligence when the record closed, and thus we decline to consider the seven attachments.

¶5        Attachment 1 is a transcript of an unemployment appeal hearing held on December 1, 2014, during which the agency's proposing official, who was also the appellant's first-line supervisor, testified about the appellant. PFR File, Tab 1 at 11-16. Although the appellant alleges that she was unable to obtain the transcript until March 12, 2015, she has not shown that the information in the transcript was unavailable when the record closed. *Id.* at 3; PFR File, Tab 5 at 5; *see* 5 C.F.R. § 1201.115(d). The agency argues that because the unemployment appeal hearing occurred prior to the Board hearing held on January 6, 2015, the appellant had the opportunity to cross-examine the proposing official about the same information. PFR File, Tab 4 at 6. In response, she contends that she could not have effectively cross-examined the proposing official during the Board hearing because her representative below "did not give any effort in defending her" and did not follow her instructions. PFR File, Tab 5 at 4. To the extent that the appellant is arguing that her representative below provided ineffective counsel, a claim of inadequate representation is not grounds for Board review. *See Wadley v. Department of the Army*, 90 M.S.P.R. 148, ¶ 5 (2001). Additionally, she is bound by the actions of her duly authorized representative. *See Moran v. Veterans Administration*, 43 M.S.P.R. 547, 553, *aff'd*, 923 F.2d 869 (Fed. Cir. 1990) (Table). Thus, we are not persuaded by the appellant's claim regarding her inability to effectively question the proposing official at the Board hearing.

¶6        Attachment 2 is a declaration made under penalty of perjury by the appellant's coworker with the same first-level supervisor on January 28, 2015. PFR File, Tab 1 at 17-21. The contents of the coworker's declaration concern the appellant's relationship with their supervisor. *Id.* The agency argues that the appellant could have offered the coworker as a witness at the Board hearing, but chose not to. PFR File, Tab 4 at 6. She alleges that the declaration was not

available until just before the petition for review deadline and that she did not request the coworker as a witness because she could not have anticipated his statements. PFR File, Tab 5 at 5. We find that the appellant has not shown that the information in the coworker's declaration was unavailable despite her due diligence when the record closed. She could have expected that the coworker had observed her interactions with their supervisor and obtained a declaration before the record closed or requested him as a witness.

¶7     Attachment 3 is a statement from another coworker signed on March 16, 2015, describing the amount of time it took for him to drive from the medical building to the appellant's work building on three separate occasions. PFR File, Tab 1 at 22. The appellant does not explain why such a "time study" could not have been conducted before the record closed.

¶8     Attachment 4 is a map of the Tinker Air Force Base. *Id.* at 23. The appellant does not explain why the map was unavailable despite her due diligence when the record closed.

¶9     Attachment 5 is a log of the appellant's cell phone calls made and received on June 4-5, 2014. *Id.* at 24. She admits that the cell phone log is not new and was available before the record closed. PFR File, Tab 5 at 5.

¶10     Attachment 6 is a lost item report made on February 28, 2014. PFR File, Tab 1 at 25. The report predates the appellant's Board appeal, and she does not explain why she was unable to submit it below.

¶11     Attachment 7 is a statement from another coworker signed on March 16, 2015, concerning shop work on a door built in October 2014, apparently offered in support of the appellant's claim of harassment in early 2014. *Id.* at 8, 26. The appellant does not explain why she was unable to obtain the statement before the record closed.

<u>The administrative judge properly sustained both charges of misconduct and found a nexus between the sustained misconduct and the efficiency of the service.</u>

¶12    The administrative judge sustained two specifications of charge 1 and all of charge 2 based on record and testimonial evidence, including the appellant's admissions during the hearing that she went to pick up her cell phone after her medical appointment on June 5, 2014, she went off the base to fill her personal vehicle with gasoline after her medical appointment on June 19, 2014, and she left her tool box unlocked on June 5, 2014.  ID at 5-6, 8.  The appellant does not dispute these admissions on review.  *See* PFR File, Tab 1 at 5, 7.  Neither does she dispute the administrative judge's finding of a nexus between the sustained misconduct and the efficiency of the service.  *See* ID at 15.

¶13    In her petition for review, the appellant alleges that her supervisor's testimony, that she returned to duty at 10:10 a.m. on June 5, 2014, and that he saw her leave the medical building on June 19, 2015, is not credible.  PFR File, Tab 1 at 4-6; *see* ID at 4.  The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.  *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).  Where, as here, an administrative judge has heard live testimony, her credibility determinations must be deemed to be at least implicitly based upon the demeanor of the witnesses. *See Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 4 (2009).  The Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so.  *Haebe*, 288 F.3d at 1301.  We find that the appellant has not provided a sufficiently sound reason on review to overturn the administrative judge's credibility determinations because they are consistent with the record. *Cf. Rapp v. Office of Personnel Management*, 108 M.S.P.R. 674, ¶ 13 (2008) (finding that the Board may overturn demeanor-based credibility determinations when the administrative judge's findings are incomplete, inconsistent with the weight of the evidence, and do not reflect the record as a whole).

¶14 The appellant also asserts that 10 minutes should be deducted from each of the times she spent retrieving her cell phone on June 5, 2014, and going off the base for gasoline on June 19, 2014, because she was unable to take her usual morning break during the medical appointments. PFR File, Tab 1 at 5-6; *see* ID at 4. However, the appellant fails to provide evidence to support this proposition. The appellant further contends that the agency failed to prove that she left the base without permission on June 19, 2014, because the agency did not provide a rule or regulation forbidding employees from leaving the base. PFR File, Tab 1 at 4. The administrative judge implicitly found credible the supervisor's testimony that "the appellant was not authorized to get gas for her personal vehicle while on duty" and that "she was on duty and not on leave" when she went to her medical appointment. ID at 5. The appellant does not provide a sufficiently sound reason to overturn this credibility determination.

¶15 Based on our review of the record, we agree with the administrative judge's findings that the agency proved both charges of misconduct and demonstrated a nexus between the sustained misconduct and the efficiency of the service.

<u>The administrative judge properly found that the appellant failed to prove her affirmative defenses.</u>

¶16 On review, the appellant generally reiterates her affirmative defenses of reprisal for EEO activity, sex discrimination, and retaliation for whistleblowing. PFR File, Tabs 1, 5. The administrative judge found that the appellant failed to prove that there was a true nexus or causal connection between her removal and her filing an EEO complaint. ID at 9; *see Rhee v. Department of the Treasury*, 117 M.S.P.R. 640, ¶ 26 (2012). She also found that the appellant failed to prove that the agency's reasons for the removal were pretextual and motivated by sex discrimination. ID at 10; *see Mahaffey v. Department of Agriculture*, 105 M.S.P.R. 347, ¶ 13 (2007). In addition, the administrative judge found that the appellant established a prima facie case of whistleblower reprisal. ID at 13. However, the administrative judge determined that the agency established by

clear and convincing evidence that it would have removed the appellant absent her protected disclosure and, thus, did not retaliate against her for whistleblowing. ID at 14-15; *see Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

¶17 The appellant argues that her supervisor was improperly influenced by his own supervisors into retaliating against her. PFR File, Tab 1 at 7, 9-10. She also alleges that her supervisor yelled at her, belittled her, talked down to her, and did not respect her because she is a woman. *Id.* at 8-9. Finally, she gives several examples of her interactions with her supervisor that she believes demonstrate "targeting" and reprisal. *Id.* at 5-10; PFR File, Tab 5 at 5-6. However, the appellant does not substantiate her vague allegations of reprisal for EEO activity, sex discrimination, and retaliation for whistleblowing with any new and material evidence. *See* 5 C.F.R. § 1201.115(d). She has further failed to show any legal error in the administrative judge's analysis of these issues. *See* 5 C.F.R. § 1201.115(b). Therefore, she has failed to provide a reason to disturb the administrative judge's findings that she did not prove her affirmative defenses. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions).

¶18 The appellant also contends that her supervisor violated the employee handbook because he did not treat her fairly and with respect. PFR File, Tab 1 at 7. Specifically, she alleges that she was treated unfairly because her supervisor did not discipline other employees who left their tool boxes unlocked. *Id.* The administrative judge noted that, although the appellant proffered a coworker to testify that he was not disciplined for leaving his tool box unlocked on one occasion, the coworker actually testified that he always locks his tool box. ID at 8. Because the appellant does not provide any evidence that she was treated

unfairly for leaving her tool box unlocked, we decline to address her argument further.

## The administrative judge correctly determined that the agency considered the relevant *Douglas* factors and exercised management discretion within tolerable limits of reasonableness.

¶19    To the extent that the appellant argues that the penalty of removal was excessive under the circumstances, we do not agree. *See* PFR File, Tab 1 at 5, 7. Where, as here, all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant *Douglas* factors[4] and exercised management discretion within tolerable limits of reasonableness. *See Portner v. Department of Justice*, 119 M.S.P.R. 365, ¶ 10 (2013). The administrative judge found that the deciding official properly considered the relevant *Douglas* factors and that the penalty of removal did not exceed the bounds of reasonableness. ID at 15-17; *see* IAF, Tab 5 at 47. She noted that the deciding official considered several mitigating factors, including the appellant's 8 years of service and good performance appraisals, but ultimately found that they did not outweigh the appellant's prior disciplinary record and low potential for rehabilitation. ID at 16-17. The appellant does not provide a reason to disturb the administrative judge's findings. *See Crosby*, 74 M.S.P.R. at 105-06.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision. There are several options for further review set forth in the paragraphs below. You may choose only one of these options, and once you elect to pursue one of the avenues

---

[4] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of twelve factors that are relevant in assessing the penalty to be imposed for an act of misconduct.

of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to

file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

> Other Claims:  Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction to review this final decision.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                          William D. Spencer
                          Clerk of the Board

Washington, D.C.